*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0782**

Kie Vang,
Respondent,

vs.

Joshua Paul Forsman,
Defendant,

Ely Chamber of Commerce,
Defendant,

City of Ely,
Appellant,

Minnesota State Colleges and Universities Board of Trustees,
Defendant.

**Filed December 5, 2016
Affirmed
Worke, Judge**

St. Louis County District Court
File Nos. 69VI-CV-14-444, 62-CV-14-1428

Arlo H. Vande Vegte, Neil G. Clemmer, Dovolas & Vande Vegte, PLLC, Plymouth, Minnesota (for respondent)

Patrick L. Arneson, League of Minnesota Cities, St. Paul, Minnesota (for appellant)

        Considered and decided by Cleary, Chief Judge; Worke, Judge; and Bratvold, Judge.

**WORKE**, Judge

Appellant-city argues that the district court erred in denying its motion for summary judgment and concluding that the city was not entitled to statutory immunity under Minn. Stat. § 466.03 (2014).  We affirm.

## FACTS

For more than 20 years, defendant Ely Chamber of Commerce has been hanging holiday decorations in appellant City of Ely.  The chamber hangs the decorations because it believes the decorations will attract tourists, and tourists benefit local merchants by patronizing their businesses.  The chamber has to get approval from the city to hang the decorations because the city owns the streetlights from which the decorations hang.  Volunteers hang the decorations.

In October 2012, the chamber requested the city's assistance in hanging the holiday decorations for the upcoming holiday season, as it had done in previous years.  At a meeting on November 7, 2012, the city council voted unanimously to approve the chamber's request.

On November 15, 2012, during the chamber's holiday-decorating event, a volunteer, respondent Kie Vang, was injured.  Vang filed a complaint against the city and others alleging that the city's negligence caused his injury.  The city moved for summary judgment, claiming, among other things, that it had statutory discretionary immunity from liability.  The district court denied the city's motion for summary judgment, concluding that the city was not entitled to statutory immunity because there was no

2

evidence that the city's decision to engage in the holiday-decorating event was a planning-level decision to which statutory immunity extends. This appeal follows.

**DECISION**

This court "review[s] a district court's summary judgment decision de novo. In doing so, [this court] determine[s] whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. The moving party has the burden of showing the absence of a genuine issue of material fact. *Anderson v. State Dep't of Nat. Res.*, 693 N.W.2d 181, 191 (Minn. 2005). A genuine issue of fact exists when reasonable minds can draw different conclusions from the evidence presented. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). "[A]ll doubts and factual inferences must be resolved against the movant and in favor of the party opposing the motion." *Juvland v. Plaisance*, 255 Minn. 262, 269, 96 N.W.2d 537, 542 (1959).

The city argues that it is entitled to statutory discretionary immunity as a matter of law because Vang's claims are "fundamentally based on a protected exercise of discretion." Whether a government entity is protected by immunity is a legal question that this court reviews de novo. *Johnson v. State*, 553 N.W.2d 40, 45 (Minn. 1996). The

3

city, as the party asserting immunity as a defense, has the burden of demonstrating facts that show its entitlement to immunity. *See Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn. 1997).

A city is immune from liability as to "[a]ny claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." Minn. Stat. § 466.03, subd. 6. The discretionary-function exception to governmental tort liability advances the separation-of-powers doctrine in that the "judicial branch . . . should not, through the medium of tort actions, second-guess certain policy-making activities that are legislative or executive in nature." *Nusbaum v. County of Blue Earth*, 422 N.W.2d 713, 718 (Minn. 1988). But while "almost every act involves some measure of discretion . . . undoubtedly not every act of government is entitled to discretionary immunity." *Id.* at 719 (quotation omitted).

> Government conduct is considered discretionary and thus protected by statutory immunity when the [city] produces evidence that the conduct was of a policy-making nature. . . . Statutory immunity is extended when there has been a planning-level decision; that is, social, political, or economic considerations have been evaluated and weighed as part of the decision-making process. Statutory immunity does not extend to operational-level decisions, those involving day-to-day operations of government, the application of scientific and technical skills, or the exercise of professional judgment.

*Schroeder v. St. Louis Cty.*, 708 N.W.2d 497, 504 (Minn. 2006) (citations omitted).

This court's analysis begins with identification of the precise government conduct being challenged. *Id.* The district court identified the city's conduct as "agreeing to assist" in the chamber's holiday-decorating event. Although the city identifies the

4

conduct as "the [c]ity's policy of allowing the [c]hamber to run its streetlight decorating event without [c]ity training or supervision," the record shows that each year the chamber requested the city's assistance in hanging holiday decorations and the city approved the request for assistance. The record supports the district court's identification of the government conduct as the city agreeing to assist the chamber in its holiday-decorating event.

The district court concluded that the city is not entitled to discretionary immunity because it failed to demonstrate that it made a policy decision to assist the chamber in its holiday-decorating event. The city claims that it has been following this policy of allowing the chamber to run its holiday-decorating event for years and made the policy after considering several factors. The city asserts that its operations director's affidavits shows the factors that were considered before the policy decision was made. Combined, the city's operations director's affidavits stated:

> The [c]ity had been following this policy for years, because the [c]ity had limited resources in terms of time, money, and personnel; no one had been injured decorating the streetlights and there was no reason to believe anyone would be injured with the [c]hamber in charge of decorating; the [c]hamber had an interest in decorating the streetlights to beautify the town in an effort to increase tourism and commerce; and the [c]ity decided, based on all of the circumstances, that the best policy at that time was to permit the [c]hamber to decorate the streetlights.
> . . . .
>
> When the [c]ity decided to once again give the [c]hamber permission to hang [decorations] in November 2012 . . . that decision was based on the same factors as in previous years.

5

While the affidavits describe planning and weighing of factors, which would entitle the city to discretionary immunity, the affidavits are the only evidence in the record supporting this conclusion. The record contains no other evidence that economic, social, or regulatory issues were discussed and balanced by city representatives. While we agree with the city that no written policy was necessary to support a conclusion that the city's conduct was a planning-level decision, we disagree with the city's conclusion that the operations director's affidavits are sufficient to entitle the city to discretionary immunity. *See id.* at 504-05 (holding that county was protected by statutory immunity when there was no written policy, but evidence of a long-standing practice that embodied a policy generated through a balancing process).

The record shows that the city has been approving requests from the chamber for assistance with its holiday-decorating event for many years. While we agree with the city's assertion that a planning-level decision does not have a "shelf life" and can be renewed, we see nothing in the record before us showing what factors were considered when the initial decision was made. The city provided meeting minutes for several years that indicate near identical notations regarding the city's response to the chamber's request for assistance with the holiday-decorating event, which is approval without discussion. There is nothing in the record showing that the city council ever discussed cost, expendable resources, potential injuries, or the desire to attract tourism. The city had the burden of demonstrating why it made the decision to assist the chamber, but it failed to do so. Without evidence showing that any planning-level factors were considered, we cannot conclude that the city's conduct was a planning-level decision

6

entitling it to discretionary immunity.  Therefore, the district court did not err in denying the city's motion for summary judgment.

**Affirmed.**